No. 92-113

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

JANE S. NORBECK, Trustee of the
JANE NORBECK Trust dated November 20, 1963,

Plaintiff, Respondent and Cross-Appellant,

-vs-

MRS. M. H. CRAWFORD and MR. M. H. CRAWFORD, her husband,
if any, and other heirs, devisees, legatees, creditors,
administrators, executors, and assigns of any of said
defendants, if they be deceased; and any and all persons
known or unknown, claiming or who might claim any right,
title, estate or interest in or lien or encumbrance upon
the real property situated in the County of Fallon,
State of Montana, described as 25% of the net proceeds
derived from the production as reserved by George Norbeck
in operating agreement with Fidelity Gas Company included
in and a part of U.S. Oil and Gas Lease prospecting permit,
Billings Serial #021056 as to NE1/4, Section 12, Twp. 8N,
Rge 59E of M.P.M., Fallon County, Montana or any thereof
adverse to Plaintiff's title whether such claim be present
or contingent including any claim or possible claim of dower,
inchoate or accrued,

Defendants, Appellants, and Cross-Respondents.

APPEAL FROM:     District Court of the Sixteenth Judicial District,
                 In and for the County of Fallon,
                 The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                 Charles J. Peterson, Mackoff, Kellogg, Kirby &
                 Kloster, Beach, North Dakota

        For Respondent:

                 Chris Mangen, Jr., Crowley, Haughey, Hanson, Toole
                 & Dietrich, Billings, Montana

FILED

AUG 25 1992

Filed:
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   July 23, 1992

Decided:   August 25, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Mrs. M.H. Crawford, et al., appeals from a judgment of the Sixteenth Judicial District Court, Fallon County. We affirm.

The sole issue on appeal is:

Whether the District Court erred in granting the disputed 25 percent interest in a federal oil and gas lease to Jane S. Norbeck, Trustee of the Jane Norbeck Trust, subject however to 39/40ths of such 25 percent interest being vested in Mrs. M.H. Crawford, et al., upon approval of the Department of the Interior.

In 1934, George Norbeck (Norbeck) obtained federal lease, 021056(b), from the United States Department of Interior. The lease contained a fixed twenty year term and granted the lessee right of renewal upon expiration. The lease also contained a provision barring assignment without consent of the Secretary of the Interior through the land office.

Norbeck entered into an operating agreement with Fidelity Gas Company. He retained record title ownership of the lease, as lessee, with 25 percent of the net proceeds of production. Norbeck appointed Fidelity Gas Company as his attorney-in-fact to obtain renewal leases on his behalf. Subsequently, Fidelity Gas Company assigned the operating rights in the deep formations to Shell Oil Company.

In 1935, Norbeck made an assignment of the 25 percent interest to Mrs. M.H. Crawford. This assignment was rejected by the United States Land Office because Mrs. Crawford did not pay the required

2

lease bond, or establish the necessary qualifications to own an interest in the lease. Mrs. Crawford did not pay any delay rentals. After the assignment, Mrs. Crawford had the assignment filed with the county clerk and recorder. Thereafter, Mrs. Crawford took no action in regard to the lease.

Fidelity Gas applied for a renewal lease in 1954 on behalf of Mrs. Crawford. The land office rejected the renewal because Fidelity Gas did not have authority to act on behalf of Mrs. Crawford, and the land office did not recognize Mrs. Crawford as a lessee. Fidelity then applied for a renewal lease as attorney-in-fact for Norbeck. The land office accepted this application and issued a renewal to Norbeck. In 1964 Fidelity applied for the second renewal as attorney-in-fact for Norbeck, and the renewal was issued. The second renewal lease was put on producing status in 1968. Since then, some $420,000 in production payments have been allocated to the 25 percent interest.

On October 28, 1968, the land office notified "heirs of George Norbeck" that under federal regulations they had to establish their succession to his interest in the lease. On August 18, 1987, the Bureau of Land Management (BLM), the successor to the land office, notified the Norbeck heirs that it recognized their interest in the lease.

The Norbeck heirs transferred all of their interest in the lease to the Jane Norbeck Trust, Julius A. Bernard, Trustee. Subsequently, Jane S. Norbeck took over as trustee (Norbeck

3

Trustee). On September 29, 1988, Shell Oil notified the trustee that Shell had completed its review of the claim to the interest but would not distribute the proceeds without a quiet title action being completed.

On October 22, 1990, the Norbeck Trustee began a quiet title action before the District Court. Efforts were made to locate Mrs. Crawford, but no response was forthcoming. A default was taken against Mrs. M. H. Crawford. The District Court quieted title to Jane S. Norbeck, Trustee, on December 7, 1990.

Subsequently, the heirs of Mrs. M.H. Crawford (the Crawford heirs) surfaced and filed a motion for relief from judgment. The District Court vacated the default and judgment on June 4, 1991. The Crawford heirs sought to quiet their title to 39/40ths of the disputed interest. Jane S. Norbeck, Trustee, filed a motion for summary judgment. In response the Crawford heirs moved for partial summary judgment.

The District Court, on January 17, 1992, ruled that Jane S. Norbeck, Trustee, owned all the allocated production proceeds. However, the District Court ruled the Crawford heirs could apply to the BLM for approval of the previously rejected assignment. Should the assignment be approved, the Crawford heirs would own 39/40ths of the disputed interest and the proceeds of production would be allocated to them after the first day of the month following application for approval. This appeal followed.

4

Our scope of reviewing motions for summary judgment is the same as the trial court and is a question of law. Summary judgment is granted only if no genuine issue of material fact exists.

I

The District Court found that federal oil and gas leases are governed by the Mineral Leasing Act of 1920, P.L. No. 146, 41 Stat. 437 (1920), as codified in 30 U.S.C. Sec. 5, 181 et seq. The original statute provided: "[N]o lease issued under the authority of this Act shall be assigned or sublet, except with the consent of the Secretary of the Interior."

30 U.S.C. Sec. 187a (1990) provides:

> [A]ny oil or gas lease issued under the authority of this Act may be assigned . . ., subject to final approval by the Secretary . . ., to any person or persons qualified to own a lease under this Act, and any assignment or sublease shall take effect as of the first day of the lease month following the date of filing in the proper land office of three original executed counterparts thereof, together with any required bond and proof of qualification under the Act of the assignee or subleasee to take or hold such lease or interest therein. . . .

The District Court in light of 30 U.S.C. 187a, ruled the Crawford heirs would own 39/40ths of the disputed interest upon the approval of the assignment by the BLM.

The case of Oasis Oil Co. v. Bell Oil & Gas Co. (W.D. Okla. 1952), 106 F.Supp 954, followed 30 U.S.C. § 187a, and held that Oasis Oil Company (the assignor) was the sole record holder of the lease and was entitled to all of the oil runs from the well on the lease. <u>Oasis</u> at 957. In <u>Oasis</u>, the assignee, Fish, failed to pay the requested fee, and provided insufficient information to the

5

Department of Interior which refused to approve the assignment. Thus, the assignment did not convey any interest in the lease under the statute until the date the Secretary of Interior approved the lease.

The Crawford heirs rely on Gibbons v. Pan American Petroleum Corporation (10th Cir. 1958), 262 F.2d 852, for the proposition that neither Norbeck nor his heirs were obligated under the lease after the assignment. However, this proposition is contrary to the facts before us. The Department of Interior viewed Norbeck as the record owner of the lease. The renewals were made and accepted in his name. A renewal submitted on behalf of Mrs. M.H. Crawford was rejected because the assignment had never been approved. Delay rentals became the responsibility of Norbeck, whether he paid them or not. In Gibbons, the Tenth Circuit stated that Gibbons's failure to submit the assignment for approval could not destroy the obligation of an assignee under the lease. Gibbons at 854. Thus Gibbons rests on the fact that Gibbons did not submit the assignment for approval. Here, Mrs. M.H. Crawford applied to the land office for approval of the assignment and it was rejected.

The material facts are not in dispute. Norbeck made an assignment to Mrs. Crawford but she failed to perfect the assignment with the Department of Interior pursuant to the language of the original lease and 30 U.S.C. § 187a. Later attempts were made to have Mrs. Crawford pay the rentals but without success. As a result the obligations under the lease remained with Norbeck.

6

Neither the assignor nor assignee, or their heirs, acted relative to any rights they had until awakened by Shell Oil. The District Court ordered the existing proceeds of the 25 percent interest paid to the Norbeck heirs, however by its order it allowed the Crawford heirs the opportunity to perfect the assignment by seeking approval of the Secretary of Interior under 30 U.S.C. § 187a.

Based on the evidence presented in the record, we agree with the determination of the District Court and affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices